J-A08044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN MCKANT | : | |
| | : | |
| Appellant | : | No. 113 EDA 2020 |

Appeal from the PCRA Order Entered November 22, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1300294-2006

BEFORE:  PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED: May 10, 2021**

Appellant Brian McKant appeals the order entered by the Court of Common Pleas of Philadelphia County denying Appellant's petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Appellant claims the PCRA court erred in finding no merit to Appellant's claim that he is entitled to a new trial due to ineffectiveness of his trial counsel. After careful review, we affirm on different grounds than the PCRA court.[1]

Appellant was charged in connection with the January 9, 2006 shooting death of Lamont Sparrow on West Tioga Street in Philadelphia.  In August 2007, a jury convicted Appellant of first-degree murder, possession of an instrument of crime (PIC), and firearms not to be carried without a license.

---

[*] Former Justice specially assigned to the Superior Court.
[1] "[W]e may affirm the PCRA court's decision on any basis." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1028 (Pa.Super. 2014) (citation omitted).

On August 9, 2007, the trial court sentenced Appellant to life imprisonment without the possibility of parole for the murder conviction and a concurrent sentence of two and one-half (2½) to five (5) years' imprisonment for the PIC conviction.

On March 6, 2009, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. McKant*, 972 A.2d 557 (Pa.Super. 2009) (unpublished memorandum). The Supreme Court denied Appellant's petition for allowance of appeal on November 5, 2009. *Commonwealth v. McKant*, 983 A.2d 727 (Pa. 2009).

On August 23, 2010, Appellant filed his first *pro se* PCRA petition. The PCRA court appointed Appellant counsel, who subsequently filed a motion to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 917 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On August 3, 2012, the PCRA court notified Appellant that it would dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. After two *pro se* responses to the Rule 907 notice, the PCRA court dismissed Appellant's petition on December 4, 2012 and granted his counsel leave to withdraw. On February 21, 2014, this Court affirmed the denial of Appellant's PCRA petition. *Commonwealth v. McKant*, 95 EDA 2013 (Pa.Super. February 21, 2014) (unpublished memorandum).

On November 2, 2017, Appellant filed the instant *pro se* PCRA petition, claiming trial counsel was ineffective in failing to object to the trial court's jury instruction on reasonable doubt, which Appellant claims violated his due

- 2 -

process rights under the 14th Amendment to the United States Constitution. Appellant cited to the decision of the U.S. District Court for the Eastern District of Pennsylvania in **Brooks v. Gilmore**, 2:15-CV-05659, 2017 WL 3475475 (E.D.Pa., filed Aug. 11, 2017), which found a reasonable doubt instruction similar to the one issued in Appellant's trial to be constitutionally infirm. Appellant claimed that the untimeliness of his PCRA petition could be excused as he met the PCRA timeliness exception for newly discovered facts based on the **Brooks** decision.

Appellant also requested the appointment of counsel, citing Pa.R.Crim.P. 904(E), which allows courts to appoint counsel "whenever the interests of justices require it." On June 21, 2018, the PCRA court appointed Appellant counsel, who filed an amended PCRA petition on Appellant's behalf on February 3, 2019. Thereafter, appointed counsel asked the PCRA court for permission to file a second amended petition to argue that the PCRA timeliness restrictions are inapplicable as he alleged that trial counsel's ineffectiveness in failing to object to the defective reasonable doubt instruction resulted in a "miscarriage of justice." The Commonwealth filed multiple responses arguing that Appellant's petition should be summarily dismissed as it was untimely and satisfied no exception to the PCRA time-bar.

On October 3, 2019, the PCRA court issued notice of its intent to deny Appellant's PCRA petition without a hearing pursuant to Rule 907. On October 23, 2019, Appellant filed a *pro se* response to the Rule 907 notice. On November 22, 2019, the PCRA court filed an order dismissing Appellant's

petition as it "determined that the issues raised by [Appellant] are without merit." 11/22/19, at 1. Appellant filed a timely notice of appeal and complied with the PCRA court's directions that he submit a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues on appeal:

I. Did the PCRA court err in finding that [Appellant's] right to due process under the 5th, 6th, and 14th amendments of the U.S. Constitution and Article 1, § 9 of the Pennsylvania Constitution was not violated by the trial court's constitutionally infirm reasonable doubt instruction which contained a hypothetical that impermissibly raised the degree of reasonable doubt required to acquit, thereby directing the jury to favor conviction, and improperly structured the hypothetical in terms of the jury proceeding to take action as opposed to hesitating?

II. Did the PCRA court err in finding that trial counsel and all prior appellate/PCRA counsel were not ineffective in failing to object to the violation of [Appellant's] right to due process under the 5th, 6th, and 14th amendments of the U.S. Constitution and Article 1, § 9 of the Pennsylvania Constitution by the trial court's constitutionally infirm reasonable doubt instruction which contained a hypothetical that impermissibly raised the degree of reasonable doubt required to acquit, thereby directing the jury to favor conviction, and improperly structured the hypothetical in terms of the jury taking action as opposed to hesitating?

Appellant's Brief, at 3.

Before reaching the merits of Appellant's arguments on appeal, we must determine whether Appellant's petition was untimely filed. We acknowledge that the PCRA court did not address the timeliness of Appellant's petition but simply addressed the merits of Appellant's claims on appeal.

However, it is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). At the time Appellant's petition was filed, the PCRA provided that a petitioner was required to plead and prove that he

filed his petition invoking one of these exceptions within sixty days of the date his claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2]

In this case, this Court affirmed the judgment of sentence on March 6, 2009 and our Supreme Court denied Appellant's petition for allowance of appeal on November 5, 2009. Appellant's judgment of sentence became final ninety days later on February 3, 2010, when the time period for filing a petition for writ of certiorari in the Supreme Court of the United States expired. **See See** U.S.Sup.Ct.R. 13. (giving an appellant ninety days to file a petition for a writ of certiorari with the Supreme Court after entry of the order denying discretionary review). As a result, Appellant had until February 3, 2011 to file a timely PCRA petition. Appellant's petition filed on November 2, 2017, is facially untimely.

While Appellant acknowledged that the instant PCRA petition is untimely, he first argued that he was entitled to review under the newly-discovered fact PCRA timeliness exception in Section 9545(b)(1)(ii) as he filed his second PCRA petition within 60 days of learning of the **Brooks** decision. To meet the timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must show that "he did not know the facts upon which he based his

---

[2] On October 24, 2018, Section 9545(b)(2) was amended to enlarge the sixty-day diligence deadline to a one-year deadline. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 3. The new, extended deadline applies only to claims arising on or after December 24, 2017. **Id.** As Appellant filed his petition on November 2, 2017 and the **Brooks** decision was issued in August 2017, the 60-day filing requirement applied.

petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015).

However, our Supreme Court has expressly declared that "judicial determinations are not facts." ***Commonwealth v. Watts***, 23 A.3d 980, 986 (Pa. 2011). Rather, "an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events." ***Id.*** at 987. As a result, we find that the ***Brooks*** decision does not constitute a new "fact" for purposes of satisfying the timeliness exception set forth in Section 9545(b)(1)(ii).[3]

Moreover, Appellant also argued that the PCRA timeliness requirement did not apply to his petition as he asserted that his prior counsel's failure to object to the trial court's jury instructions resulted in a "miscarriage of justice." However, this Court has held that:

> the courts of Pennsylvania will only entertain a "miscarriage of justice" claim when the initial timeliness requirement is met. ***See Commonwealth v. Fahy***, 558 Pa. 313, 330–331, 737 A.2d 214, 223 (1999), *cert. denied,* 534 U.S. 944, 122 S.Ct. 323, 151 L.Ed.2d 241 (2001). Although the courts will review the request in a second or subsequent collateral attack on a conviction if there

_____

[3] To the extent that Appellant's petition could be construed as suggesting that the ***Brooks*** decision could satisfy the new constitutional right exception under Section 9545(b)(1)(iii), Appellant is not entitled to relief. First, Appellant did not file his petition invoking this timeliness exception within sixty days of the date his claims could first have been presented, *i.e.*, the date the ***Brooks*** decision was filed. 42 Pa.C.S.A. § 9545(b)(2). ***See supra*** note 2. Second, Appellant did not prove the ***Brooks*** decision established a new constitutional right and that it has been recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(iii).

is a strong prima facie showing that a miscarriage of justice occurred, ***Commonwealth v. Morales***, 549 Pa. 400, 409–410, 701 A.2d 516, 520–521 (1997), there is no "miscarriage of justice" standard exception to the time requirements of the PCRA. ***Fahy***, 558 Pa. at 331, 737 A.2d at 223. Therefore, while we would consider a timely petition under the standard set forth in ***Morales***, this court has no jurisdiction to address an untimely petition.

***Commonwealth v. Burton***, 936 A.2d 521, 527 (Pa.Super. 2007).

As Appellant failed to plead and prove that his petition meets one of the statutory exceptions to the PCRA's jurisdictional time-bar, we need not entertain Appellant's "miscarriage of justice" claim. As a result, both this Court and the PCRA court lack jurisdiction to review the merits of Appellant's claims.

As a result, we affirm the PCRA court's order dismissing Appellant's second PCRA petition on different grounds.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/21